IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEN WEAVER MEATS, INC.,** | : | |
| **Plaintiff** | : | No. 1:20-cv-02010 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **BIERY CHEESE CO.,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Before the Court is Defendant Biery Cheese Co. ("Defendant")'s motion to dismiss Plaintiff Ken Weaver Meats, Inc. ("Plaintiff")'s breach of contract claim for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 4.) For the reasons that follow, the Court will deny the motion.

**I.   BACKGROUND**

**A.   Procedural Background**

Plaintiff initiated the above-captioned action by filing a complaint in the York County Court of Common Pleas on October 8, 2020 asserting claims for breach of contract, negligence, unjust enrichment, breach of implied warranty of fitness, and breach of implied warranty of merchantability. (Doc. No. 1-2.) Defendant subsequently removed the action to this Court on October 30, 2020. (Doc. No. 1.) On November 5, 2020, Defendant filed the instant motion to dismiss Plaintiff's breach of contract claim.[1] (Doc. No. 4.) Having been fully briefed (Doc. Nos. 5, 6, 7), the motion is ripe for disposition.

---

[1] The instant motion does not refer to any of Plaintiff's other claims. (Doc. No. 4.)

B.     **Factual Background**[2]

Plaintiff is a Pennsylvania corporation with a registered business address in York County. (Doc. No. 1-2 ¶ 1.) Plaintiff's business involves processing smoked meats, cheeses, and other meat and cheese products in order to sell and distribute such products to wholesale and retail markets. (Id. ¶ 5.) Defendant is a corporation organized under the laws of the state of Ohio with a principal place of business in Louisville, Ohio. (Id. ¶ 2.) Defendant produces, processes, and manufactures cheese products, including high temperature melting cheeses which Plaintiff uses in the processing of its meat products. (Id. ¶¶ 6-8.) Plaintiff alleges that it has used Defendant's high temperature melting cheese for over twenty years. (Id. ¶ 8.)

Plaintiff avers that, during 2019, Defendant altered its "process, recipe, and/or method" of manufacturing its high temperature melting cheese products. (Id. ¶ 9.) Plaintiff alleges that Defendant never provided Plaintiff notice of any altered process, and that, Plaintiff "purchased, accepted delivery, and used in the normal course of business the high temperature melting cheeses" which Plaintiff alleges resulted in a "discoloration in its smoked meat products." (Id. ¶¶ 10-12.) Plaintiff further alleges that Plaintiff "requested Biery to accept a return of all of the discolored smoked meat products containing the tainted cheese and/or any unused Biery tainted cheese and Biery admitted that the cheese was tainted and offered to replace the cheese." (Id. ¶ 14.) Plaintiff asserts that Defendant replaced the returned cheese, but the results upon Plaintiff's use of the replacement cheese were the same. (Id. ¶ 15.)

---

[2] The following factual background is taken from the allegations of Plaintiff's complaint. (Doc. No. 1-2.)

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing the sufficiency of a complaint pursuant to a motion to dismiss under Rule 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court need not accept legal conclusions set forth as factual allegations. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Consistent with the Supreme Court's ruling in Twombly and Ibqal, the Third Circuit has identified three steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted). A complaint is properly dismissed where the factual content in the complaint does not allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678.

## III. DISCUSSION

### A. Legal Standard

In order to state a claim for breach of contract under Pennsylvania law, a plaintiff must plead: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." See Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). Contracts can be express or implied and are enforceable "when there is an offer, acceptance, and consideration." See Rose Gold LLC v. PayActiv, Inc., No. 17-cv-03647, 2018 WL 4283109, at *2 (E.D. Pa. 2018) (citing Reed v. Pittsburgh Bd. of Pub. Educ., 862 A.2d 131, 134 (Pa. Commw. Ct. 2004)). "In some circumstances, '[a] manifestation of mutual assent may be made even though neither offer nor acceptance can be identified and even though the moment of formation cannot be determined' . . . . A contract inferred from conduct has the same legal effect as that of an express one." Id. at *3 (citing Fish Net, Inc. v. ProfitCenter Software Inc., No. 09-cv-54666, 2013 WL 5635992, at *4 (E.D. Pa. Oct. 15, 2013); Crawford's Auto Ctr., Inc. v. Pennsylvania State Police, 655 A.2d 1064, 1067 (Pa. Commw. Ct. 1995)).

### B. Arguments of the Parties

In support of the instant motion, Defendant argues that Plaintiff's breach of contract claim should be dismissed because "Plaintiff has failed to allege facts establishing the existence of a contract between Plaintiff and [Defendant], or the essential terms of any such contract." (Doc. No. 4 ¶ 10.) Defendant asserts that at most, the allegations of the complaint "merely establish that Plaintiff allegedly purchased cheese from [Defendant] for use in its products." (Doc. No. 5 at 3.) In response, Plaintiff argues that it has pleaded "sufficient facts to allow the [C]ourt to determine a contract existed between the parties" because the parties had a course of

4

dealing through which Plaintiff would place orders, Defendant would accept, process, and deliver those orders, and invoice Plaintiff accordingly, and Plaintiff would pay the amount invoiced. (Doc. No. 6 at 4.) Plaintiff argues that, in light of these facts, "[i]t is clear that in this case the parties had a mutual assent, an agreement between the parties, and as such their terms of agreement were sufficiently defin[ite] which lead to goods and money exchanging hands." (Id. at 5.)

        C.        **Whether the Court Should Dismiss Plaintiff's Breach of Contract Claim**

Upon review of the complaint, the parties' arguments, and the applicable law, the Court will not dismiss Plaintiff's breach of contract claim. In the complaint, Plaintiff alleges that "for over twenty years" Plaintiff has used Defendant's high temperature melting cheese, and that Plaintiff continued to place orders with Defendant throughout 2019 according to the parties' practice, which Defendant accepted, delivered, and invoiced accordingly. (Doc. No. 1-2 ¶¶ 8, 20-21.) Furthermore, Plaintiff submits that upon the discovery that the Defendant's allegedly tainted cheese caused discoloration in Plaintiff's smoked meat products, Plaintiff requested that Defendant "accept a return of all of the discolored smoked meat products containing the tainted cheese and/or any unused Biery tainted cheese" at which time Defendant "admitted that the cheese was tainted and offered to replace the cheese" before "replac[ing] the returned cheese with a cheese reported to be suitable for [Plaintiff]'s use." (Id. ¶¶ 14-15.) Plaintiff also alleges that it suffered damages as a result of its use of allegedly tainted cheese because Plaintiff's own wholesale and retail customers have demanded refunds from Plaintiff after purchasing the discolored smoked meat products. (Id. ¶¶ 17-18.) These allegations are sufficient to raise the inference that a contract existed between the parties and that there was a breach of the contract when Defendant supplied Plaintiff with allegedly tainted or otherwise nonconforming goods.

See Crawford's Auto, 655 A.2d at 1066 (stating that "[a]n implied contract is one where the parties assent to formation of a contract, but instead of being expressed in words, the intention to incur an obligation is inferred from the conduct of the parties in light of the surrounding circumstances, including the course of dealing" (emphasis added)); see also Great N. Ins. Co. v. ADT Sec. Servs., 517 F. Supp. 2d 723, 736-37 (W.D. Pa. 2007) (noting that "[w]ith regard to an implied contract, when a request for a performance is made under circumstances that a reasonable person would infer an intent by the requestor to pay for it, the request amounts to an offer and a contract is created when the performance is rendered" (internal citation omitted)). Accordingly, the Court finds that Plaintiff has alleged sufficient facts to state a breach of contract claim and will deny Defendant's motion to dismiss.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's breach of contract claim (Doc. No. 4) will be denied. An Order consistent with this Memorandum follows.